**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO.:** |
| **COOL VAPORS LLC, an Alabama Limited Liability Company; SUZANNE MANUS, an individual; and ROBERT MANUS, an individual,** | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Mesa Underwriters Specialty Insurance Company ("**MUSIC**"), pursuant to 28 U.S.C. § 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure, files this Complaint for Declaratory Judgment against Cool Vapors LLC ("**Cool Vapors**"); Suzanne Manus; and Robert Manus (collectively "**Defendants**") as follows:

## NATURE OF THE CLAIM

1. This declaratory judgment action is brought for the purpose of resolving an actual case and controversy regarding the parties' rights and obligations under policy number MP001000400246504 (the "**Policy**") issued by MUSIC to Cool Vapors with respect to the lawsuit styled *Suzanne Manus and Robert Manus v. Lithicore Tech, LLC, et al.*, pending in the Circuit Court of Houston County, Alabama (Case No. 38-CV-2025-900176) (the "**Underlying Action**").

2. Cool Vapors has requested insurance coverage from MUSIC under the Policy for the claims asserted against it in the Underlying Action.

3. MUSIC is participating in the defense of Cool Vapors in the Underlying Action pursuant to a complete reservation of rights.

4. MUSIC seeks a declaration that it does not owe coverage to Cool Vapors under the Policy in connection with the Underlying Action as described below.

**PARTIES**

5. MUSIC is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey.

6. Cool Vapors is an Alabama limited liability company with its principal place of business located in Houston County, Alabama. Upon information and belief, the members of Cool Vapors are citizens of Alabama.

7. Upon information and belief, Suzanne Manus is an individual who is over the age of nineteen (19) years and a citizen of the State of Alabama.

8. Upon information and belief, Robert Manus is an individual who is over the age of nineteen (19) years and a citizen of the State of Alabama.

**JURISDICTION AND VENUE**

9. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because complete diversity exists between MUSIC and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. Venue is proper pursuant to 28 U.S.C. §§ 1391(a) and 1391(b)(1)-(2) because one or more Defendants reside in this district and because a substantial part of the events or omissions giving rise to the claims occurred within this district.

**FACTS & BACKGROUND**

**A. The Policy**

11. Subject to certain terms, conditions, definitions, limitations, and exclusions, the Policy provides commercial general liability coverage to insureds thereunder for the period of April 5, 2024 to April 5, 2025. A copy of the Policy is attached hereto as **Exhibit 1**.

12. The Policy's General Liability Coverage Part Declarations ("**Declarations**") lists "Cool Vapors LLC" as the only Named Insured, and classifies its operations as "Tobacco Products Stores." [MUS 01 01 20001 0417, p. 1 of 1.]

13. The Policy's Commercial General Liability Coverage Form provides, in part, as follows:

> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. […]
>
> [CG 00 01 04 13, p. 1 of 16].

14. The Policy contains an exclusion for Tobacco, Nicotine, or Nicotine Replacement Products, which provides as follows:

> **EXCLUSION – TOBACCO, NICOTINE, OR NICOTINE REPLACEMENT PRODUCTS**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> A. The following is added to Paragraph **2. Exclusions** of **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY (SECTION I – COVERAGES):**
>
> **Tobacco, Nicotine, or Nicotine Replacement Products**
>
> This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation, ingestion, use, absorption, delivery, or consumption of, exposure to, existence or presence of or contact with any

"tobacco, nicotine, or nicotine replacement products" used, handled, supplied, processed, altered, prepared, sold or manufactured by any insured or any other person or entity regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

B. The following is added to **SECTION V – DEFINITIONS:**

"Tobacco, nicotine, or nicotine replacement products" means tobacco in any form; raw or cured tobacco; cigars and cigar wrappers; pipe tobacco; cigarettes; cigarette filters and papers; snuff; chewing tobacco; liquids or e-liquids used in electronic cigarettes; smokeless tobacco products; tobacco smoke including second hand smoke; tobacco substitutes; vaporized tobacco or nicotine; and nicotine and synthetic nicotine in any form.

"Tobacco, nicotine, or nicotine replacement products" includes any device used for the absorption, consumption, ingestion, inhalation or delivery of natural or synthetic nicotine or replacement nicotine, or any container, material, part, battery, atomizer cartridge, equipment or accessory, including, but not limited to: electronic or smokeless cigarettes, lozenges, discs, orbs, gases, mists, chew sticks and film strips, or applied patches or treatment in any form; hookahs, water pipes, vaporizers; or gaseous, liquid or solid residues or byproducts of tobacco or nicotine use, consumption, manufacturing or processing.

For purposes of this exclusion, any mineral, chemical, (including but not limited to those used to enhance flavor or fragrance such as ketones, diketones, and related substances), fluid or aerosol or other product sprayed on, applied to, found within or used in conjunction with any "tobacco, nicotine, or nicotine replacement product" is deemed a part of such product.

[MUS 01 01 20131 0219, p. 1 of 1.]

15. In addition to the Policy provisions addressed herein, MUSIC pleads all other terms, conditions, definitions, limitations, and exclusions of the Policy that also may apply to the claims asserted in the Underlying Action.

**B. The Underlying Action**

16. On April 15, 2025, Suzanne Manus and Robert Manus filed their initial Complaint in the Underlying Action, naming "Cool Vapors LP" as a defendant, among others.

17. On June 12, 2025, Suzanne Manus and Robert Manus filed their First Amended Complaint in the Underlying Action, substituting defendant "Cool Vapors LP" with "Cool Vapors Dothan 1."

18. On January 15, 2026, Suzanne Manus and Robert Manus filed their Second Amended Complaint in the Underlying Action, substituting defendant "Cool Vapors Dothan 1" with "Cool Vapors LLC." A copy of the operative Second Amended Complaint filed in the Underlying Action is attached hereto as **Exhibit 2**.

19. Suzanne Manus alleges that in September 2024, she purchased a vape device battery at the Cool Vapors' store located at 3119 Ross Clark Circle, Suite 5, in Dothan, Alabama. [Ex. 2 ¶¶ 12, 15].

20. Suzanne Manus alleges that she specifically asked a Cool Vapors' employee what kind of battery would be needed to power her vape device, which she had purchased from a different store. [Ex. 2 ¶¶ 12, 15].

21. Suzanne Manus then alleges that, at the direction and advice of the Cool Vapors' employee, she bought the vape device battery for use in her specific vape device. [Ex. 2 ¶ 15].

22. Suzanne Manus alleges that on November 30, 2024, she was safely using the vape device and vape device battery in her vehicle when the vape device and battery suddenly exploded and caught fire. [Ex. 2 ¶ 14].

23. The Second Amended Complaint alleges that as a result of the vape device and battery explosion, Suzanne Manus suffered bodily injuries, emotional distress, and property damage. [Ex. 2 ¶¶ 16–17, 26–30].

24. In Count One, Suzanne Manus alleges violations of the Alabama Extended Manufacturers Liability Doctrine by Cool Vapors. Specifically, Suzanne Manus alleges that Cool

Vapors, along with other defendants, marketed, distributed, assembled, and/or sold the subject battery, that the subject battery was unreasonably dangerous to foreseeable users, and was not reasonably suited for its intended use, and that she suffered bodily injuries and property damage as a result of the defendants' conduct. [Ex. 2 ¶¶ 31–51].

25. In Count Two, Suzanne Manus alleges that Cool Vapors' conduct was negligent and wanton. Specifically, Suzanne Manus alleges that Cool Vapors negligently and wantonly marketed, distributed, assembled, and/or sold the subject battery involved in the incident made the basis of the Underlying Action, and that she suffered bodily injuries and property damage as a result of Cool Vapors' actions, among other allegations against other defendants. [Ex. 2 ¶¶ 52–61].

26. In Count Three, Suzanne Manus alleges that Cool Vapors breached express and implied warranties. Specifically, Suzanne Manus alleges that Cool Vapors expressly and/or impliedly warranted that the subject battery was reasonably fit and suitable for the purposes for which it was intended to be used, that Cool Vapors breached these express and/or implied warranties because the subject battery was in a dangerously defective and unsafe condition, and that her bodily injuries and property damage were proximately caused by Cool Vapors' breach of these warranties, among other allegations against other defendants. [Ex. 2 ¶¶ 62–70].

27. In Count Four, Robert Manus alleges that Cool Vapors' conduct has caused him to experience a loss of consortium. Specifically, Robert Manus alleges that Cool Vapors' conduct has caused him to incur mental anguish, emotional distress, a loss of companionship with his wife, and pain and suffering. [Ex. 2 ¶¶ 71–73].

## COUNT I – DECLARATORY JUDGMENT

28. MUSIC adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 27 above as if fully restated herein.

29. There is an actual, present, and existing controversy between MUSIC and Defendants regarding whether the Policy provides coverage in connection with the claims made the basis of the Underlying Action.

30. MUSIC seeks a judicial declaration of its rights and duties under the Policy in connection with the claims made and damages sought in the Underlying Action.

31. MUSIC seeks a declaration that Cool Vapors is not entitled to defense or indemnity payments because the Underlying Action alleges damages resulting from the use of "tobacco, nicotine, or nicotine replacement products" as excluded by the Tobacco, Nicotine, or Nicotine Replacement Products Exclusion.

WHEREFORE, for the foregoing reasons, MUSIC respectfully requests that this Court enter a judgment declaring the rights, status, and obligations of the parties under the Policy, including a declaration that:

a. The Policy does not afford insurance coverage in connection with the Underlying Action;
b. MUSIC has no obligation to defend Cool Vapors in connection with the Underlying Action;
c. MUSIC has no obligation to indemnify Cool Vapors for any damages awarded against it in the Underlying Action;
d. Upon a declaration by the Court of no duty to defend, MUSIC has the right to withdraw its defense of Cool Vapors in the Underlying Action; and
e. Any other and further relief as the Court may deem just and proper.

This, the 14th day of October, 2026.

Respectfully submitted,

*<u>/s/ Samuel A. Garner</u>*
Kenneth W. Boyles, Jr.
ASB-6784-M55B
Samuel A. Garner

ASB-6483-O63K
PHELPS DUNBAR LLP
2025 3rd Avenue North, Suite 1000
Birmingham, Alabama 35203
Phone: 205-716-5200
kenneth.boyles@phelps.com
samuel.garner@phelps.com

*Attorneys for Plaintiff, Mesa Underwriters Specialty Insurance Company*