ELECTRONICALLY FILED
1/15/2026 10:40 AM
38-CV-2025-900176.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

**IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **SUZANNE MANUS, an individual;** | ) | |
| **ROBERT MANUS, an individual,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **LITHICORE TECH LLC, a Texas** | ) | **CV-2025-900176** |
| **For-Profit Corporation;** | ) | |
| **HONG KONG LITHICORE, LTD, a** | ) | |
| **Foreign Corporation;** | ) | |
| **COOL VAPORS LLC; a Domestic** | ) | |
| **Limited Liability Company;** | ) | |
| **VOOPOO; a Foreign Corporation,** | ) | **JURY TRIAL DEMANDED** |
| **SMOKE R US OF OZARK, LLC,** | ) | |
| **a Domestic Limited Liability Company;** | ) | |
| **and,** | ) | |

**FICTITIOUS PARTY DEFENDANTS:**
**No. 1**, whether singular or plural, that entity or those entities who or which afforded any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious party defendants listed or named herein which caused injury to plaintiff Suzanne Manus on the occasion made the basis of this lawsuit;

**No. 2**, whether singular or plural, that entity or those entities who or which were responsible for repairing the defect or hazardous condition of the subject battery and/or subject vape device which caused injury to plaintiff Suzanne Manus on the occasion made the basis of this lawsuit;

**No. 3**, whether singular or plural, that entity or those entities who or which, prior to the occurrence made the basis of this suit, altered or repaired the subject battery and/or subject vape device involved in said occurrence, any component part thereof, or any attendant equipment used or available for use with the subject battery and/or subject vape device;

**No. 4**, whether singular or plural, that entity or those entities who or which designed, built, assembled, manufactured, distributed, marketed, packaged, labeled, sold, retailed, distributed, or otherwise placed into commerce the subject battery and/or subject vape device, or any of the component parts thereof, which caused injury to Plaintiff Suzanne Manus on the occasion made the basis of this lawsuit;

**No. 5**, whether singular or plural, that entity or those entities who or which had any role in the distributive chain regarding the subject battery and/or subject vape device involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment

used or available for use with the subject battery and/or subject vape device, from the date of manufacture of each said product through the date of its use by plaintiff Suzanne Manus;

**No. 6**, whether singular or plural, that entity or those entities who or which had the responsibility for warning users of the dangers associated with the use of the subject battery and/or subject vape device, which caused injury to plaintiff Suzanne Manus on the occasion made the basis of this lawsuit;

**No. 7**, whether singular or plural, that entity or those entities who or which provided parts or supplies or failed to supply parts or accessories or components for the subject battery and/or subject vape device which caused injury to plaintiff Suzanne Manus on the occasion made the basis of this lawsuit;

**No. 8**, whether singular or plural, that entity or those entities, who or which were responsible for safety inspections, testing, approval or who issued any approval of the subject battery and/or subject vape device involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use with the subject battery and/or subject vape device;

**No. 9**, whether singular or plural, that entity or those entities, other than those entities described above, whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

**No. 10**, whether singular or plural, that entity or those entities which provided product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the subject battery and/or subject vape device involved in the occurrence made the basis of this lawsuit at the time of said occurrence or at any time prior thereto;

**No. 11**, whether singular or plural, that entity or those entities who or which did or failed to do any act that resulted in plaintiff Suzanne Manus' injuries made the basis of this lawsuit;

**No. 12**, whether singular or plural, that entity or those entities, other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

**No. 13**, whether singular or plural, that entity, other than those entities described above, which is the successor or predecessor in interest of any of those entities described above; and

**No. 14**, whether singular or plural, that entity or those entities who or which assumed any liabilities whatsoever, whether by asset-purchase agreement, by contract, or otherwise, for the incidents that have given rise to the instant lawsuit.

Plaintiff avers that the identity of the fictitious party defendants are otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time, their identity as proper party

defendants is not known to plaintiff at this time but their true names will be substituted by amendment when this knowledge is ascertained.
)
Defendants. )

**SECOND AMENDED COMPLAINT**

Come now the Plaintiffs, Suzanne Manus and Robert Manus, by and through their counsel of record and hereby amend their Complaint as follows:

by substituting the properly named defendant, **COOL VAPORS LLC** in place of and instead of the incorrectly named defendant Cool Vapors Dothan 1.

**Parties**

1. Plaintiff SUZANNE MANUS ("MANUS") is an individual who is over the age of nineteen (19) years and who resides in Dale County, Alabama.

2. Plaintiff ROBERT MANUS is an individual who is over the age of nineteen (19) years and who resides in Dale County, Alabama.

3. Defendant LITHICORE TECH LLC ("LITHICORE"), is a Texas for-profit corporation, with its registered address, headquarters, and principal place of business located at 5151 Richmond Ave., Apt. 218, Houston, Texas 77056, that also does business in the State of Alabama.

4. Defendant HONG KONG LITHICORE, LTD ("HONG KONG") is a limited liability company with its principal place of business located at 16810 Barker Springs Rd., Suite 219, Houston, Texas 77084, that also does business in the State of Alabama

5. Defendant COOL VAPORS LLC ("COOL VAPORS") is an Alabama limited partnership with its principal place of business located at 3119 Ross Clark Circle, Suite 5, Dothan, Alabama 35303.

6. Defendant VOOPOO ("VOOPOO") is a foreign corporation with its headquarters at Armstrong House, First Avenue, Robin Hood Airport, Doncaster. DN9 3GA UK, that also does business in the State of Alabama.

7. Defendant SMOKE R US OF OZARK, LLC ("SMOKE") is a domestic limited liability company that owns and operates a vape/tobacco shop located at 1344 Hwy 231, S, Ste. E, Ozark, Alabama 36360.

**Venue Statement**

8. Plaintiff's causes of action and claims for relief alleged herein arise from defendants transacting and conducting business in the State of Alabama; contracting to supply products in the State of Alabama; having caused injuries in the State of Alabama; and defendants regularly and consistently conduct business in the State of Alabama.

9. Venue is proper in the Circuit Court of Houston County, Alabama, because this is the county wherein plaintiff purchased the subject LITHICORE battery from COOL VAPORS LLC, located at 3119 Ross Clark Circle, Suite 5. Dothan, Alabama 36303. Ala. Code § 6-3-7(a)(1), (4).

10. The amount in controversy exceeds $20,000.00, Ala. Code § 12-11-30(1).

11. Plaintiff's claims against the named defendants arise out of the same series of transactions or occurrences. Venue is therefore proper in this Court against all defendants.

**Facts**

12. This lawsuit arises out of an incident that occurred while plaintiff SUZANNE MANUS was in possession of a vape device manufactured by defendant VOOPOO, with a battery manufactured by LITHICORE TECH, LLC and/or HONG KONG

LITHICORE, LTD. The VOOPOO vape device was purchased from defendant SMOKE R US OF OZARK, LLC at 1344 Highway 231 South, Suite E, Ozark, Alabama 36360, and the LITHICORE battery was purchased from defendant COOL VAPORS LLC at 3119 Ross Clark Circle, Suite 5, Dothan, Alabama 36303.

13. The incident occurred on November 30, 2024.

14. When the incident occurred on November 30, 2024, MANUS was utilizing the subject vape device and subject battery in a safe manner. She was driving towards Ozark from Dothan after holiday gift shopping at several Dothan businesses and was transporting these holiday items back home on U.S. Highway 231 North when the battery and vape device suddenly and violently exploded and caught fire.

15. In September 2024, before the incident occurred in November, plaintiff MANUS took the subject vape device into the COOL VAPORS store at 3119 Ross Clark Circle, Suite 5, in Dothan and explained to the employee she needed a battery for the subject vape device. She specifically asked the store employee what kind of battery would be needed for this type of vape device. The store worker showed her which battery would work for that specific device and sold the subject LITHICORE battery to MANUS. At the direction and advice of the COOL VAPORS' employee/clerk, MANUS bought and used the subject battery for powering the subject vape device.

16. On the date of the incident, November 30, 2024, at around 12:30 in the afternoon, plaintiff MANUS was driving her car when she turned the subject vape device off, then sat it on her lap because there was a drink in the cup holder. She then heard a sizzling sound followed by a loud popping sound. The subject battery and subject vape device suddenly and violently exploded and caught her on fire. She jumped out of her car

through the passenger door and called 911. Her pants were ablaze with fire and her car became engulfed in flames.

17. Immediately after the incident, plaintiff MANUS was taken directly to Flowers' Hospital by ambulance. She was only there for approximately an hour and a half due to the fact her injuries were so severe she was airlifted by helicopter to Birmingham for emergency treatment at the Burn Unit at University of Alabama at Birmingham Hospital ("UAB").

18. On information and belief, in November 2024, defendant VOOPOO was a company that designed, manufactured, marketed, distributed, sold, and/or otherwise placed in the stream of commerce vape equipment, including the subject vape device involved in this incident.

19. On information and belief, in November 2024, defendant LITHICORE and/or HONG KONG were the companies that designed, manufactured, marketed, distributed, sold, and/or otherwise placed in the stream of commerce batteries for use in vape equipment, including the subject battery involved in this incident.

20. On information and belief, in November 2024, defendant SMOKE was in the business of distributing, marketing, selling, and/or assembling vape devices, including the subject vape device involved in this incident.

21. On information and belief, in November 2024, defendant COOL VAPORS was in the business of distributing, marketing, selling, and/or assembling batteries for use in vape devices, including the subject battery involved in this incident.

22. On information and belief, the subject vape device was purchased in February 2024, from defendant SMOKE at 1344 Highway 231 South, Suite E, Ozark, Alabama 36360.

23. On information and belief, the subject battery was purchased in September 2024, from defendant COOL VAPORS at 3119 Ross Clark Circle, Suite 5, Dothan, Alabama 36303.

24. The subject vape device and subject battery lacked warnings that would have given a foreseeable user or consumer adequate and reasonable notice of the substantial and unreasonable risk that the vape device and battery could suddenly and violently explode and catch on fire.

25. Ultimately, the separate acts of all defendants proximately caused one indivisible injury to plaintiff.

26. Plaintiff MANUS was caused to suffer from the following painful, debilitating and permanent personal injuries as a result of the wrongful acts of defendants:

- severe burn injuries;
- permanent injuries and disfigurement;
- physical pain and suffering;
- mental anguish and emotional distress;
- property damage;
- injuries for which she was caused and will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure her injuries;
- All other damages to which she is entitled to by law to maintain.

27. The extensive medical procedures and treatment plaintiff MANUS has undergone due to her burn injuries are as follows:

December 3, 2024 – excision, debridement, and grafting of bilateral thighs, bilateral lower extremities, groin, perineum, bilateral buttocks with dermal matrix; debridement right fingertips

| | |
|---|---|
| December 6, 2024 - | wvac exchange and BMS exchange |
| December 9, 2024 - | sharp debridement and dressing change of bilateral thighs, groin/perineum, and bilateral buttocks with hydrotherapy |
| December 12, 2024 - | sharp debridement and dressing change of Bilateral thighs, Groin/perineum, and Bilateral buttocks with hypotherapy |
| December 18, 2024 - | excision, debridement, and grafting of bilateral lower extremities and bilateral buttocks with autograft |
| December 23, 2024 - | dressing change in hydro under MAC |

28. MANUS continues to experience pain.

29. MANUS' physical injuries are permanent.

30. MANUS suffered and continues to suffer mental anguish, which stems from the incident and the burn injuries she sustained in it.

**COUNT ONE**
**VIOLATION OF THE ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE**

31. Plaintiff adopts and incorporates by reference all of the foregoing paragraphs, as if they were fully set forth here.

32. Plaintiff alleges that the subject vape device and subject battery were defective and unreasonably dangerous and unfit for their ordinary purpose when placed into the stream of commerce. As a result, plaintiff brings this claim pursuant to the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD").

33. At all times material to the incident made the basis of this lawsuit, defendants LITHICORE and/or HONG KONG have been in the business of designing, manufacturing, assembling, marketing, distributing, selling, and/or otherwise placing

in the stream of commerce batteries like the subject battery involved in the incident made the basis of this lawsuit.

34. Defendant LITHICORE and/or HONG KONG designed, manufactured, assembled, marketed, distributed, and/or sold the battery involved in the incident made the basis of this lawsuit.

35. At all times material to the incident made the basis of this lawsuit, defendant COOL VAPORS has been in the business of distributing, marketing, selling, and/or assembling LITHICORE and/or HONG KONG products, which included the battery at issue in this case and equipment like the battery.

36. Defendant COOL VAPORS marketed, distributed, assembled, and/or sold the battery involved in the incident made the basis of this lawsuit.

37. At all times material to the incident made the basis of this lawsuit, defendant VOOPOO has been in the business of designing, manufacturing, assembling, marketing, distributing, selling, and/or otherwise placing in the stream of commerce vape devices like the subject vape device involved in the incident made the basis of this lawsuit.

38. Defendant VOOPOO designed, manufactured, assembled, marketed, distributed, and/or sold the vape device involved in the incident made the basis of this lawsuit.

39. At all times material to the incident made the basis of this lawsuit, defendant SMOKE has been in the business of distributing, marketing, selling, and/or assembling vape devices and equipment products, which included the subject vape device at issue in this case and equipment like the vape device.

40. Defendant SMOKE marketed, distributed, assembled, and/or sold the vape device involved in the incident made the basis of this lawsuit.

41. When plaintiff MANUS was using the subject vape device and subject battery and when these products injured her, the products were in substantially the same condition as when they were designed, manufactured, marketed, distributed, assembled, sold, and/or otherwise placed in the stream of commerce by the defendants.

42. When MANUS was using the subject vape device and subject battery, MANUS did so in a foreseeable manner.

43. The subject vape device and/or subject battery were not reasonably safe when MANUS used them in a foreseeable, reasonable and intended manner, but, to the contrary, were defective and unreasonably dangerous to the human body because (a) the vape device and battery were designed in such a way that when being used as intended, were unreasonably dangerous to foreseeable consumers and users, including plaintiff, and were not reasonably suited for their intended use; (b) the foreseeable risks associated with the design of the subject vape device and subject battery include, but are not limited to, sudden and violent explosion and fire; and (c) the vape device and battery were further defective due to lack of or inadequate warnings or instructions that would have given a foreseeable ordinary user or consumer, including plaintiff, adequate and reasonable notice of the substantial and unreasonable risk that the user could be severely injured by sudden and violent explosion and fire.

44. Defendants failed to use reasonable care in designing and developing the subject vape device and subject battery as to avoid creating an unreasonable risk of harm to users such as plaintiff.

45. The subject vape device and subject battery were intended to reach and did reach consumers, including plaintiff, without substantial change in the condition in which

they were sold. Prior to the design and manufacture of these products, defendants knew or should have known that there were safer practicable alternative designs to mitigate the danger posed by the subject vape device and subject battery.

46. Plaintiff is in the class of persons that defendants should have reasonably foreseen as being subject to the harm caused by their products.

47. Defendants LITHICORE, HONG KONG, COOL VAPOR, VOOPOO, and SMOKE knew or, in the exercise of reasonable care, should have known that the products were unreasonably dangerous.

48. Defendants' wrongful conduct proximately caused MANUS' injuries.

49. Defendants are therefore strictly liable to plaintiff for the injuries caused by defectively designing and selling the subject vape device and subject battery that ultimately harmed plaintiff.

50. Plaintiff MANUS was caused to suffer from the following painful, debilitating and permanent personal injuries as a result of the wrongful acts of defendants:

- severe burn injuries;
- permanent injuries and disfigurement;
- physical pain and suffering;
- mental anguish and emotional distress;
- property damage;
- injuries for which she was caused and will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure her injuries;
- all other damages to which she is entitled by law to maintain.

51. The extensive medical procedures and treatment plaintiff MANUS has undergone due to her burn injuries are as follows:

| | |
|---|---|
| December 3, 2024 – | excision, debridement, and grafting of bilateral thighs, bilateral lower extremities, groin, perineum, bilateral buttocks with dermal matrix; debridement right fingertips |
| December 6, 2024 - | wvac exchange and BMS exchange |
| December 9, 2024 - | sharp debridement and dressing change of bilateral thighs, groin/perineum, and bilateral buttocks with hydrotherapy |
| December 12, 2024 - | sharp debridement and dressing change of Bilateral thighs, groin/perineum, and Bilateral buttocks with hypotherapy |
| December 18, 2024 - | excision, debridement, and grafting of bilateral lower extremities and bilateral buttocks with autograft |
| December 23, 2024 - | dressing change in hydro under MAC |

WHEREFORE, on the basis of the foregoing, the plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff and against the aforementioned defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by her due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

**COUNT TWO**
**NEGLIGENCE/WANTONNESS**

52. Plaintiff adopts and incorporates the foregoing paragraphs, as if they were fully set forth here.

53. At all times material hereto, defendants undertook and/or owed a duty to the consuming public, including plaintiff, to use reasonable care and ensure their safety by providing reasonably safe products for their intended use, and defendants breached this duty.

54. Defendant LITHICORE and/or HONG KONG negligently and wantonly designed, manufactured, assembled, marketed, distributed, and/or sold the subject battery involved in the incident made the basis of this lawsuit.

55. Defendant COOL VAPORS negligently and wantonly marketed, distributed, assembled, and/or sold the subject battery involved in the incident made the basis of this lawsuit.

56. Defendant VOOPOO negligently and wantonly designed, manufactured, assembled, marketed, distributed, and/or sold the subject vape device involved in the incident made the basis of this lawsuit.

57. Defendant SMOKE negligently and wantonly marketed, distributed, assembled, and/or sold the subject vape device involved in the incident made the basis of this lawsuit.

58. Defendants' wrongful conduct proximately caused MANUS' injuries.

59. Defendants are therefore strictly liable to plaintiff for the injuries caused by negligently and wantonly defectively designing and selling the subject vape device and subject battery that ultimately harmed plaintiff.

60. Plaintiff MANUS was caused to suffer from the following painful, debilitating and permanent personal injuries as a result of the wrongful acts of defendants:

- severe burn injuries;
- permanent injuries and disfigurement;
- physical pain and suffering;
- mental anguish and emotional distress;
- property damage;
- injuries for which she was caused and will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure her injuries;
- all other damages to which she is entitled by law to maintain.

61. The extensive medical procedures and treatment plaintiff MANUS has undergone due to her burn injuries are as follows:

| | |
|---|---|
| December 3, 2024 – | excision, debridement, and grafting of bilateral thighs, bilateral lower extremities, groin, perineum, bilateral buttocks with dermal matrix; debridement right fingertips |
| December 6, 2024 - | wvac exchange and BMS exchange |
| December 9, 2024 - | sharp debridement and dressing change of bilateral thighs, groin/perineum, and bilateral buttocks with hydrotherapy |
| December 12, 2024 - | sharp debridement and dressing change of Bilateral thighs, groin/perineum, and Bilateral buttocks with hypotherapy |
| December 18, 2024 - | excision, debridement, and grafting of bilateral lower extremities and bilateral buttocks with autograft |
| December 23, 2024 - | dressing change in hydro under MAC |

WHEREFORE, on the basis of the foregoing, the plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff and against the aforementioned defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by her due to the defendants' conduct; and for exemplary damages in an

amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

**COUNT THREE**
**BREACH OF EXPRESS AND IMPLIED WARRANTY**

62. Plaintiff adopts and incorporates the foregoing paragraphs, as if they were fully set forth here.

63. Defendants LITHICORE, HONG KONG and COOL VAPORS expressly and/or impliedly warranted that the subject battery was reasonably fit and suitable for the purposes for which it was intended to be used.

64. Defendants LITHICORE, HONG KONG and COOL VAPORS breached these express and/or implied warranties because the subject battery was not reasonably fit and suitable for the purposes for which it was intended to be used but, to the contrary, was in a dangerously defective and unsafe condition.

65. Defendants VOOPOO and SMOKE expressly and/or impliedly warranted that the subject vape device was reasonably fit and suitable for the purposes for which it was intended to be used.

66. Defendants VOOPOO and SMOKE breached these express and/or implied warranties because the subject vape device was not reasonably fit and suitable for the purposes for which it was intended to be used but, to the contrary, was in a dangerously defective and unsafe condition.

67. Defendants' breaches proximately caused MANUS' injuries.

68. Defendants are therefore strictly liable to plaintiff for the injuries caused by expressly and impliedly warranting that the subject vape device and subject battery were reasonably fit and suitable for intended use that ultimately harmed plaintiff.

69. Plaintiff MANUS was caused to suffer from the following painful, debilitating and permanent personal injuries as a result of the wrongful acts of defendants:

- severe burn injuries;
- permanent injuries and disfigurement;
- physical pain and suffering;
- mental anguish and emotional distress;
- property damage;
- injuries for which she was caused and will be caused in the future, to expend sums of money in the nature of hospital, doctor, drug, and other expenses in an effort to heal and cure her injuries;
- all other damages to which she is entitled by law to maintain.

70. The extensive medical procedures and treatment plaintiff MANUS has undergone due to her burn injuries are as follows:

| | |
|---|---|
| December 3, 2024 – | excision, debridement, and grafting of bilateral thighs, bilateral lower extremities, groin, perineum, bilateral buttocks with dermal matrix; debridement right fingertips |
| December 6, 2024 - | wvac exchange and BMS exchange |
| December 9, 2024 - | sharp debridement and dressing change of bilateral thighs, groin/perineum, and bilateral buttocks with hydrotherapy |
| December 12, 2024 - | sharp debridement and dressing change of Bilateral thighs, groin/perineum, and Bilateral buttocks with hypotherapy |
| December 18, 2024 - | excision, debridement, and grafting of bilateral lower extremities and bilateral buttocks with autograft |

December 23, 2024 - dressing change in hydro under MAC

WHEREFORE, on the basis of the foregoing, the plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff and against the aforementioned defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by her due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

**COUNT FOUR**
**LOSS OF CONSORTIUM**

71. Plaintiff adopts and incorporates the foregoing paragraphs, as if they were fully set forth here.

72. Plaintiff MANUS' suffered severe burn injuries causing her to undergo extensive medical procedures and treatments.

73. As a result of the defendants' conduct plaintiff's husband, ROBERT MANUS, was caused to incur the following damages:

- the loss of love, affection of, fellowship with, cooperation of, services from, and comfort from his wife;
- mental anguish and emotional distress;
- loss of his companionship with his wife; and
- pain and suffering, past and future.

WHEREFORE, on the basis of the foregoing, the plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff and against the aforementioned defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by her due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

**COUNT SEVEN:**
**FICTITIOUS DEFENDANTS**

74. Plaintiff adopts and incorporates the foregoing paragraphs, as if they were fully set forth here.

75. Plaintiff alleges that her injuries were the proximate consequence of the wrongful conduct, breaches of warranty, violations of the Alabama Extended Manufacturers' Liability Doctrine, negligent and/or wanton design, manufacture, sale or distribution, failure to warn of the Defendants LITHICORE TECH LLC; HONG KONG LITHICORE, LTD; COOL VAPORS LLC; VOOPOO; SMOKE R US OF OZARK LLC; and FICTITIOUS DEFENDANTS NO. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, AND 14, as described herein.

76. Plaintiff further avers that the conduct of fictitious defendants, identified as defendants "No. 1 through No. 14", combined and concurred to directly or proximately cause plaintiff's injuries and damages set out in the causes of action above.

77. Defendants, "No. 1 through No. 14", whose current names and identities are unknown to plaintiff at the present time but will be correctly named and identified by amendment

when properly ascertained, are the respective entities who or which fit the descriptions herein.

WHEREFORE, on the basis of the foregoing, the plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff and against the aforementioned defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by her due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

Respectfully submitted,

/s/ Jeffrey C. Kirby
Jeffrey C. Kirby (KIR002)
Attorney for Plaintiff

OF COUNSEL:
Chandler O. Kirby
KIRBY LAW, P.C.
One Independence Plaza Drive
Suite 520
Birmingham, Alabama 35209
(205) 458-3553 [Telephone]
jkirby@kirbylawpc.com
ckirby@kirbylawpc.com

**JURY DEMAND**

**Plaintiff demands a trial by struck jury on all issues so triable.**

/s/ Jeffrey C. Kirby
Attorney for Plaintiff

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

LITICORE TECH LLC
c/o CHEN HONGYU
5151 Richmond Ave.
Unit 218
Houston, Texas 77056

HONG KONG LITHICORE, LTD
16810 Barker Springs Rd.
Suite 219
Houston, TX 77084

COOL VAPORS LLC
c/o Seth R. Brooks, Esquire
CARR ALLISON
200 Grove Park Lane, Suite 200
Dothan, AL 36305

VOOPOO
Armstrong House
First Avenue, Robin Hood Airport
Doncaster.
DN9 3GA. UK

SMOKE R US OF OZARK, LLC
1344 Hwy 231 S, Suite E
Ozark, Alabama 36360